Case 3:15-cv-02195-JAH-KSC   Document 1   Filed 10/01/15   PageID.1   Page 1 of 15

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jordan Kohler

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN KOHLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**GREYSTAR REAL ESTATE PARTNERS, LLC,**<br><br>Defendant. | Case No.: **'15CV2195 JAH KSC**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>(1) **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; AND,**<br><br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                    PAGE 1 OF 15

**INTRODUCTION**

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. JORDAN KOHLER ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions GREYSTAR REAL ESTATE PARTNERS, LLC ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unfair business practices of Defendant in regards to charging liquidated damages in connection with a residential lease agreement, in violation of California's Business and Professions Code § 17200, et seq.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.1

9. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Delaware.

10. This action arises out of Defendant's violations of (i) California Business and Professions Code § 17200, et seq.; and (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

///

## PARTIES

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company incorporated in the State of Delaware with a principal place of business in South Carolina.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## BACKGROUND

17. As discussed herein, Plaintiff's Class Action for Damages and Injunctive Relief seeks to remedy Defendant's unfair debt collection practice of illegally charging its tenants late fees that amount to liquidated damages.

18. On information and belief, Plaintiff alleges that it is Defendant's policy and practice to add liquidated damages in the form of late fees to consumer debts collected by Defendant.

19. A vast majority of the debts that Defendant seeks to collect are rent and other charges related to the rental of Defendant's properties.

20. California Civil Code Section 1951.5 makes it clear that a lease of real property is subject to the limitation on liquidated damages pursuant to Civil

Code Section 1671.

21. California Civil Code Section 1967(d) provides that a liquidated damages provision in a residential lease is void unless: (1) it is agreed to in the lease; and (2) it would be impracticable or extremely difficult to fix the actual damage.

22. Moreover, under California Civil Code Section 3302, the only damage that the landlord can claim for a breach of the residential lease is interest at the legal rate.[2]

23. Despite California statutes prohibiting such conduct, Defendant regularly charges late fees to its tenants pursuant to its residential lease agreement, which fees are not impracticable or extremely difficult to fix the actual damage.

### FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is an individual residing within the State of California.

25. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant conducted business in the State of California.

26. On or about April 2015, Plaintiff allegedly incurred financial obligations to the Defendant that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Plaintiff's alleged debt was allegedly incurred for personal, family and household purposes.

///

---

[2] "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." Cal. Civ. Code § 3302.

28. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

29. On or about April 7, 2015, Plaintiff received an e-mail from Katie Long, Defendant's representative, informing Plaintiff that $1,739.53 was due or owing on Plaintiff's account, which included a $75.00 late fee.  This written communication from Defendant regarding the alleged debt was a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

30. Subsequently, on or about April 10, 2015 Defendant charged a late fee of $75.00 to Plaintiff's account.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

35. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

36. Furthermore, Plaintiff is not alone; Defendant has improperly, unlawfully, and without legal authority attempted to collect liquidated damages in the form of late fees from Plaintiff and other California consumers. This act and omission constitutes unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"); and, violate the FDCPA.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated ("The Class") and ("The Sub-Class") who have suffered injury in fact as a result of Defendant's unlawful and misleading conduct.

38. Plaintiff represents, and is a member of, "The Class" defined as follows: (i) all persons with addresses within the State of California; (ii) who were charged a late fee by Defendant; (iii) made pursuant to a residential lease agreement; (iv) at any time four years prior to the date of the filing of this Action.

39. Plaintiff represents, and is a member of, "The Sub-Class" defined as follows: (i) all persons with addresses within the State of California; (ii) who were charged a late fee by Defendant; (iii) made pursuant to a residential lease agreement; (iv) from whom Defendant attempted to collect a rental debt; (v) at any time one year prior to the date of the filing of this Action.

40. Defendant and their employees or agents are excluded from the Class.

41. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several tens of thousands, if not hundreds of thousands, making joinder of all these actions impracticable.

42. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class and The Sub-Class. The questions of law and fact common to the Class and The Sub-Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant violated California Civil Code Section 1967(d) by charging a late fee pursuant to a residential lease agreement;
    b. Whether Defendant violated California Civil Code Section 3302 by charging a late fee pursuant to a residential lease agreement;
    c. Whether Defendant violated the RFDCPA by attempting to collect an alleged debt containing a late fee charged pursuant to a residential lease agreement;
    d. Whether members of the Class are entitled to the remedies under the RFDCPA;
    e. Whether members of the Classes are entitled to declaratory relief;
    f. Whether Defendant should be enjoined from charging a late fee;
    g. Whether Defendant should be enjoined from collecting an alleged debt containing a late fee;
    h. Whether such practices violate California Business and Professions Code § 17200;
    i. Whether members of the Classes are entitled to injunctive relief; and,
    j. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA.

44. Plaintiff will fairly and adequately protect the interest of the Classes.

///

45. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
46. Plaintiff's claims are typical of the claims of the Class and The Sub-Class, which all arise from the same operative facts involving unlawful collection practices.
47. A class action is a superior method for the fair and efficient adjudication of this controversy.
48. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.
49. Class members are unlikely to prosecute such claims on an individual basis since the maximum statutory damage award of $1,000 is small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
50. Plaintiff, The Class and The Sub-Class seek injunctive relief against Defendant to refrain from charging a late fee and/or attempting to collect an alleged debt containing such a late fee.
51. Defendant has acted on grounds generally applicable to the Class, and The Sub-Class thereby making appropriate final declaratory relief with respect to the class as a whole.
52. Members of The Class and The Sub-Class are likely to unaware of their rights.
53. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.
54. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

///

///

///

## CLASS CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

57. As a result of each and every violation of the RFDCPA, Plaintiff, and the members of The Class, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### COUNT II

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNLAWFUL

60. California Business & Professions Code §17200 prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

61. As discussed above, Defendant has systematically and continuously charges a late fee under a residential lease agreement and attempts to collect upon such alleged debts. Defendant's conduct constitutes violations of Cal. Civ. Code § 1967(d), Cal. Civ. Code § 3302, 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; 1692f(1); and Cal. Civ. Code 1788.17.

62. Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class since Plaintiff and the members of the Sub-Class have suffered monetary damages.

63. This illegal conduct exacerbated the substantial hardship currently being suffered by Plaintiff and the Sub-Class Members since these consumers were already experiencing extreme financial hardships as a result of the current economic downturn. Furthermore, Defendant's unlawful business practices directly harmed Plaintiff and the members of the Class and as a result statutory damages are now due to Plaintiff and the members of the Class.

64. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

///
///
///
///
///

## UNFAIR

65. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

66. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

67. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Sub-Class. Plaintiff and members of the Sub-Class have suffered injury in fact due to Defendant's charge of a late fee made pursuant to a residential lease agreement and attempts to collect on those alleged debts. It should be noted that Plaintiff and the Sub-Class Members are already facing dire financial situations. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

68. Moreover, Defendant's deceptive conduct of collecting debts from consumers for an illegal late fee solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Sub-Class that the alleged debts were larger than previously believed. Thus, the injury suffered by Plaintiff and the members of

the Sub-Class is not outweighed by any countervailing benefits to consumers.

69. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, a large residential housing management company, falsely represented in its residential lease agreements that Defendant could charge its tenants late fees, these consumers suffered injury in fact due to Defendant's charge and subsequent attempts to collect on an alleged debt containing the illegal late fees. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Sub-Class members to accept the terms of the residential lease agreement containing the illegal late fee. Therefore, the injury suffered by Plaintiff and members of the Sub-Class is not an injury which these consumers could reasonably have avoided.

70. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

71. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

72. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

73. Here, not only were Plaintiff and the Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant systematically and continuously attempts to collect on late fees that are not owed to Defendant. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant, a large housing management

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

company, and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

74. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, The Class Members and the Sub-Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, The Class Members and the Sub-Class Members pray for further judgment as follows:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- for equitable and injunctive relief pursuant to the RFDCPA;
- restitution of the funds improperly obtained by Defendant;
- for equitable and injunctive relief pursuant to California Business and Professions Code § 17203; and,

///
///
///
///

- any and all other relief that this Court deems just and proper.

Dated:  October 1, 2015                                          Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

                                               By: /s/ Matthew M. Loker____
                                                  MATTHEW M. LOKER, ESQ.
                                                  ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

75.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff, The Class and The Sub-Class are entitled to, and demand, a trial by jury.

Dated:  October 1, 2015                                          Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

                                             By: */s/ Matthew M. Loker*____
                                                 MATTHEW M. LOKER, ESQ.
                                               ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626