**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jordan Kohler

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN KOHLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**GREYSTAR REAL ESTATE PARTNERS, LLC,**<br><br>Defendant. | **Case No.:** 15-CV-02195 JAH (KSC)<br><br>**PLAINTIFF JORDAN KOHLER'S OPPOSITION TO DEFENDANT GREYSTAR REAL ESTATE PARTNERS, LLC'S MOTION TO DISMISS**<br><br>**DATE:** January 19, 2016<br>**TIME**: 2:30 a.m.<br>**COURTROOM:** 13B<br><br>**HONORABLE JOHN A. HOUSTON** |

///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................1

II.    STATEMENT OF FACTS.................................................................1

III.   LEGAL STANDARD .......................................................................2

IV.    ARGUMENT ......................................................................................3

A. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO SUPPORT ITS CLAIM UNDER THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.......4

  1. *The alleged debt at issue arose due to a "consumer credit transaction"*...................................................................6

B. DEFENDANT'S LATE FEE CONSTITUTES IMPERMISSIBLE LIQUIDATED DAMAGES WHICH ARE NOT IMPRACTICABLE OR EXTREMELY DIFFICULT TO FIX ACTUAL DAMAGES ...................................................7

C. THE COLORADO RIVER DOCTRINE IS INAPPLICABLE TO THIS ACTION BECAUSE A PROPERTY RIGHT IS NOT AT ISSUE ................................10

  1. *Piecemeal Litigation* ...................................................12

  2. *Order of Jurisdiction* .................................................12

  3. *Source of Law* ............................................................13

  4. *Adequacy of State Court* .............................................13

  5. *Resolution of All Issues* .............................................14

D. THIS COURT SHOULD PERMIT PLAINTIFF TO AMEND PLAINTIFF'S COMPLAINT UPON DISCOVERY OF SUPPORTING INFORMATION ...........15

E. THIS COURT SHOULD NOT STRIKE CLASS ALLEGATIONS ....................16

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

V.    <u>CONCLUSION</u>................................................................17

CASES                                                                    PAGE(S)

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ..................................................................passim

Bentley v. Great Lakes Collection Bureau, Inc.,
    6 F.3d 60 (2d Cir. 1993) ...........................................................8

Branco v. Credit Collection Servs.,
    2011 U.S. Dist. LEXIS 94077 (E.D. Cal. 2011) ..................................4, 6, 7

Brown v. Defender Sec. Co.,
    2012 WL 5308964 (C.D. Cal. 2012) ...........................................3

Clark v. Capital Credit & Collection Servs., Inc.,
    460 F.3d 1162 (9th Cir. 2006) ...................................................4

Conley v. Gibson,
    355 U.S. 41 (1957) ...................................................................5

Delino v. Platinum Cmty. Bank,
    628 F. Supp. 2d 1226 (S.D. Cal. 2009) .....................................2

Gordon v. Credit Bureau of Lancaster & Palmale,
    2012 U.S. Dist. LEXIS 726868) ...............................................4

Hall v. City of Santa Barbara,
    833 F.2d 1270 (9th Cir. 1986) ...................................................3

Hepsen v. J.C. Christensen and Associates, Inc.,
    2009 U.S. Dist. LEXIS 92717 (M.D. Fla. Sept. 22, 2009) ..................11

Jackson v. Carey,
    353 F.3d 750 (9th Cir. 2003) .....................................................2

Liberty Mutual Ins. Co. v. EEOC,
    691 F.2d 438 (9th Cir. 1982) .....................................................7

McDougal v. County of Imperial,
    942 F.2d 668 (9th Cir. 1991) .....................................................3

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Miranda v. Law Office of Scott Carruthers*,
    2011 WL 2037556 (E.D. Cal. 2011) ............................................5

*N.L. Indus., Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir. 1986) ............................................2, 6

*Parks Sch. Of Bus., Inc. v. Symington*,
    51 F.3d 1480 (9th Cir. 1995) ............................................2, 6

*Puttner v. Debt Consultants of Am.*,
    2009 U.S. Dist. LEXIS 48163 ............................................3

*Reichert v. National Credit Systems, Inc.*,
    531 F.3d 1002 (2008) ............................................8

*Reyes v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 2235 (N.D. Cal. 2011) ............................................4

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ............................................2

*Turner v. Cook*,
    362 F.3d 1219 (9th Cir. 2004) ............................................5

*United States v. City of Redwood City*,
    640 F.2d 963 (9th Cir. 1981) ............................................3

*Weber v. Dep't of Veterans Affairs*,
    521 F.3d 1061 (9th Cir. 2008) ............................................2

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION

## I.   <u>INTRODUCTION</u>

On November 6, 2015, Defendant GREYSTAR REAL ESTATE PARTNERS, LLC ("Defendant") lodged Defendant's Motion to Dismiss Plaintiff JORDAN KOHLER's ("Plaintiff") Complaint brought pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.* ("UCL").   Following review of Defendant's Motion, it is apparent that Defendant fails to meet the standard for a Rule 12(b) motion because Defendant's Motion does not allege that Plaintiff failed to state a claim upon which relief can be granted.   Instead, Defendant's Motion is functionally a motion for summary judgment because Defendant presents arguments against the merits of Plaintiff's factual allegations.   Since such arguments are premature at this stage of the pleadings, Defendant's Motion should be denied.   Additionally, this Court should deny Defendant's requests to stay or dismiss this action because: 1) Plaintiff is amenable to joining necessary parties to this action; and, 2) the *Colorado River* Doctrine does not apply to this case.   Should this Court grant Defendant's Motion in whole, or in part, Plaintiff requests leave of Court to cure Plaintiff's Complaint of any perceived deficiencies.

## II.   <u>STATEMENT OF FACTS</u>

Sometime in April 2015, Plaintiff is alleged to have incurred financial obligations in the form of residential rental debt to the Defendant.   [Complaint, ¶ 26].   On or about April 7, 2015, Plaintiff received an e-mail from Defendant informing Plaintiff that $1,739.53 was due or owing on Plaintiff's account, which included a $75.00 late fee   [*Id.* at ¶ 29].   Subsequently, on or about April 10, 2015 Defendant charged a late fee of $75.00 to Plaintiff's account.   [*Id.* at ¶ 30].   The charging of liquidated damages is prohibited by California Civil Code Section

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1671(d), which provides that a liquidated damages provision in a residential lease is void unless: (1) it is agreed to in the lease; and (2) it would be impracticable or extremely difficult to fix the actual damage. [*Id*. at ¶ 21]. Plaintiff alleges that since it is not impracticable or extremely difficult to fix the actual damage of late payments on a residential lease, Defendant's practice of collecting such fees violates Section 1671. [*Id*. at ¶ 23]. Through this conduct, Defendant violated the RFDCPA. [*Id*. at ¶¶ 31-35. Additionally, Defendant's illegal liquidated damages provision constitutes unlawful, unfair, and fraudulent conduct under the California's Unfair Competition Law, Business & Professions Code § 17200 *et seq*. ("UCL"). [*Id*. at ¶ 36].

### III. <u>LEGAL STANDARD</u>

"A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint." *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1230 (S.D. Cal. 2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). To survive a motion to dismiss, a plaintiff need only allege facts that are enough to raise his or her right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (S. Ct. 2007).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and not simply conceivable. *Id.* at 1974; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). The court looks not at whether the plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). A complaint may not be dismissed for failure to state a claim where the allegations plausibly show

that the pleader is entitled to relief. *Puttner v. Debt Consultants of Am.,* 2009 U.S. Dist. LEXIS 48163 *8 (S.D. Cal. June 4, 2009). On a Rule 12(b)(6) motion, the court does not "[r]equire heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. In the Ninth Circuit, the Rule 12(b)(6) motion is viewed with disfavor and is rarely granted. *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)).

"For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *Brown v. Defender Sec. Co.,* 2012 WL 5308964 *2 (C.D. Cal. Oct. 22, 2012) (citing *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint, which has been dismissed, should be freely granted. Fed. R. Civ. P. 15(a).

## IV. <u>ARGUMENT</u>

Defendant argues for the dismissal of Plaintiff's claims under the guise of a Rule 12(b)(6) motion. [*See generally* Def.'s MTD]. However, not once in its Motion does Defendant assert that Plaintiff's Complaint failed to allege sufficient facts to state a claim to relief. Instead, Defendant attempts to impermissibly effect the early dismissal of this action by attacking the merits of Plaintiff's claims. As provided in Federal Rule of Civil Procedure 12(b)(6) and the substantial legal authority in support thereof, such an attempt is premature at this stage of the pleadings and is better suited for a future motion for summary judgment. For this and the reasons stated below, Plaintiff requests that this Court deny Defendant's Rule 12(b)(6) motion.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## A.    PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO SUPPORT ITS CLAIM UNDER THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.

The RFDCPA is a strict liability statute designed to protect consumers from unfair and abusive debt collection practices.  *See* Cal. Civ. Code § 1788.1; *see also Branco v. Credit Collection Servs.*, 2011 U.S. Dist. LEXIS 94077, 26 (E.D. Cal. Aug. 23, 2011); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *Gordon v. Credit Bureau of Lancaster & Palmdale*, 2012 U.S. Dist. LEXIS 72868, 4 (C.D. Cal. Apr. 20, 2012).  The RFDCPA provides, in relevant part, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code. § 1788.17.  Thus, when a defendant violates any of the provisions of sections 1692b to 1692j of the FDCPA, the defendant also violates section 1788.17 of the RFDCPA.  *See Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) (Snyder, J.) ("Because defendant has violated the FDCPA...,the Court concludes that defendant has also violated Cal. Civ. Code § 1788.17"); *Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235, 58 (N.D. Cal. Jan. 3, 2011) (the definition of "debt collector" and "debt" is broader under the RFDCPA than under FDCPA).

In order to survive a 12(b)(6) motion, a complaint only needs "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (U.S. 2007).  "Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the illegality claimed in the complaint. *Id*. at 545.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[D]etermining whether a complaint states a plausible claim is context-

specific, requiring the reviewing court to draw on its experience and common sense." *Id*. at 663-64. To survive a 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256 (S.D. Cal. 2012) (citing, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Moreover, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 545 (citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A "judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Id*. at 572.

Through Defendant's Motion, Defendant is only able to support the assertions therein by directly contradicting Plaintiff's Complaint. As is relevant here, Defendant impermissibly states that rental payments do not constitute a "consumer debt" under the RFDCPA. [Defendant's Motion to Dismiss ("Def.'s MTD"), 6:3-9]. However, this contention negates the opposing statements in Plaintiff's Complaint. While Defendant contradicts Plaintiff's factual allegations to state that rental payments do not constitute a "consumer debt," Plaintiff's Complaint is supported by various courts which have held that even non-credit consumer obligations are "consumer debts" pursuant to the RFDCPA. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. 1997); *FTC v. Check Investors*, 502 F.3d 159 (3d Cir. 2007); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Snow v. Jesse L. Riddle, P.C.*, 143 F.3d 1350 (10th Cir. 1998); *Ladick v. Van Gemert*, 146 F.3d 1205 (10th Cir. 1998); *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998); *Brand v. Law Firm of Heldenbrand Cohen*, 2006 U.S. Dist. Lexis 6114 (D. Az. 2006); *Ryan v. Wexler & Wexler*, 113 F.3d 91 (7th Cir. 1997); *Brown v. Budget Rent-a-Car Systems, Inc.*, 119 F.3d 922 (11th Cir. 1997); *Newman v. Boehm, Pearstein & Bright, Ltd.*, 119

F.3d 477 (7th Cir. 1997); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 385 (5th Cir. 2002). Even more troubling is that the collection activity at issue in Plaintiff's Complaint is based upon Defendant's collection of liquidated damages, not past due rent. [*See, e.g.*, ¶¶ 17-21]. At no point in Defendant's Motion does Defendant dispute that the collection of such damages is subject to the RFDCPA.

As stated above, Plaintiff's allegations must be taken as true at this juncture. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Therefore, Defendant's attempt to contradict Plaintiff's Complaint is wholly improper and should not be considered by this Court. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012). In accepting the assertions in Plaintiff's Complaint as true, it is apparent that Defendant has violated the RFDCPA by attempting to collect from Plaintiff a late fee under a residential lease agreement which is prohibited by law. Any argument that addresses whether residential rental payments constitute a "consumer debt" under the RFDCPA has no place in a Rule 12(b)(6) motion and must be brought in a motion for summary judgment after Defendant has properly responded to Plaintiff's Complaint. Therefore, the Court must deny Defendant's Motion as a matter of law.

### 1. *The alleged debt at issue arose due to a "consumer credit transaction."*

Again while contradicting Plaintiff's factual allegations, Defendant erroneously argues that the alleged debt at issue in Plaintiff's Complaint did not arise as the result of a "consumer credit transaction." [Def's MTD, 6:3-20]. Pursuant to the RFDCPA, a "consumer credit transaction" is defined as a "transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or **household** purposes (emphasis added). Cal. Civ. Code § 1788.2(e). "[U]nder California law, 'there is a consumer credit transaction when the consumer acquires something without paying for it.'" *Branco*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*v. Credit Collection Servs.*, 2011 U.S. Dist. LEXIS 94077, at *22 (E.D. Cal. 2011) citing to *Gouskos v. Aptos Village Garage, Inc.*, 94 Cal. App. 4th 754, 759 (2001). *Branco* held that "consumer credit transaction" occurred because

> Liberty Mutual Insurance provided plaintiff car insurance for which [plaintiff] did not pay. As such, Liberty now seeks to recoup the debt owed for the auto insurance previously provided but plaintiff did not pay for. Such a consumer debt is subject to the RFDPCA.

Here, similar to *Branco*, Defendant reviewed Plaintiff's credit report, amongst other documents, and thereafter agreed to permit Plaintiff usage of Defendant's property. Subsequently, Plaintiff did not pay for said property causing Defendant to seek recoupment of this alleged debt. Various California District Courts, including the Southern District of California, have held that that similar debts for rental late fees;[1] liquidated damages;[2] and, mortgages[3] were subject to the broad terms of the RFDCPA. Thus, Defendant's Motion should be denied.

**B.    DEFENDANT'S LATE FEE CONSTITUTES IMPERMISSIBLE LIQUIDATED DAMAGES WHICH ARE NOT IMPRACTICABLE OR EXTREMELY DIFFICULT TO FIX ACTUAL DAMAGES.**

California Civil Code Section 1671(d) governs liquidated damages in a lease of real property. That section provides:

> "…a provision in a contract liquidating damages for the breach of the contract **is void** except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

---

[1] *Koller v. West Bay Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 96162, at *19 (N.D. Cal. 2012) (in denying the defendant's Motion to Dismiss, the Court found "that the late fees and/or

[2] *Durham v. Cont' Cent. Credit*, 600 F. Supp. 1124, 1127 (S.D. Cal. 2008) (denying Motion to Dismiss related to consumer's unfair debt collection claims based upon collection of liquidated damages).

[3] *Austero v. Aurora Loan Servs.*, 2011 U.S. Dist. LEXIS 86340, at *26 (N.D. Cal. 2011) (holding that residential mortgages are subject to the RFDCPA)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Cal. Civ. Code § 1671(d) (emphasis added).

As is evident from the text of the statute, a liquidated damages provision for the breach of a residential lease contract is presumptively void and the burden is on the party seeking to enforce such a clause to plead and prove facts showing impracticability of fixing actual damages. *Better Food Markets, Inc. v. American Dist. Tel. Co.*, 40 Cal. 2d 179, 185 (Cal. 1953); citing *Rice v. Schmid*, 18 Cal. 2d 382, 365 (Cal. 1953); and, *Dyer Bros. Golden West Iron Works v. Central Iron Works*, 182 Cal. 588, 593 (Cal. 1920). "Once the landlord shows that it was impracticable or extremely difficult to fix actual damages, the amount the parties agreed upon is presumed to represent the amount of damaged suffered by the breach." *Orozco v. Casimiro* 121 Cal. App. 4th. Supp. 7, 11 (Cal. Super. Ct. 2004). Therefore, the inquiry begins with whether the party seeking to enforce the provision can show that it was impracticable or extremely difficult to fix actual damages. "It has been held that whether or not damages would be impracticable or extremely difficult to fix is a question of fact in each case for the trier of fact." *McCarthy v. Tally*, 46 Cal. 2d 577, 583 (Cal. 1956); *see also Rice v. Schmid*, 18 Cal. 2d 382, 385 (Cal. 1953); *Better Food Markets, Inc. v. American Dist. Tel. Co.*, 40 Cal. 2d 179, 185 (Cal. 1953); *Atkinson v. Pacific Fire Extinguisher Co.*, 40 Cal. 2d 192, 195 (Cal. 1953).

Based on the foregoing, Plaintiff has alleged sufficient facts to support its UCL claim. As discussed previously, these allegations must be accepted by the Court as true and in the light most favorable to Plaintiff, the non-moving party. Plaintiff alleges that Defendant regularly charges liquidated damages in the form of late fees to its tenants pursuant to its residential lease agreement. [Complaint, ¶ 23]. Pursuant to California law, a liquidated damages provision in a residential lease is void unless: (1) it is agreed to in the lease; and, (2) it would be impracticable or extremely difficult to fix the actual damages. Cal. Civ. Code § 1671(d). Plaintiff further alleges that Defendant's conduct of charging late fees

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1**
**COSTA MESA, CA 92626**

1  violates Section 1671(d) because such fees are not impracticable or extremely

2  difficult to fix the actual damages. [Complaint, ¶ 22]. Therefore, Defendant's

3  illegal practice of collecting liquidated damages in the form late fees from Plaintiff

4  and other California consumers constitutes unlawful, unfair, and fraudulent

5  conduct under California's Unfair Competition Law, Business & Professions Code

6  § 17200 *et seq.* ("UCL"). [*Id.* at ¶ 36]. Since the question of the impracticability

7  of fixing actual damages is a question of fact, arguments on this issue must be

8  raised in a motion for summary judgment. Accordingly, Defendant's arguments

9  against the merits of Plaintiff's UCL claim that contradiction Plaintiff's Complaint

10  are improper in this Rule 12(b)(6) motion. Therefore, this Court must deny

11  Defendant's Motion as a matter of law.

12  Although it is Plaintiff's contention that Defendant's Motion fails as a matter

13  of law, Plaintiff will take this opportunity to briefly address Defendant's arguments

14  for dismissing Plaintiff's UCL claim. The problem appears to stem from

15  Defendant's misstatement of California Civil Code Section 1671(d) in its Motion

16  to Dismiss. Defendant omits the beginning portion of Section 1671(d), which

17  states that a liquidated damages provision in a residential lease contract "is void"

18  unless a specific set of circumstances occurs. [Def.'s MTD, 7:14-18].

19  Consequently, Defendant misrepresents to the Court that the entirety of the statute

20  reads, "the parties to such a contract may agree therein upon an amount which shall

21  be presumed to be the amount of damage sustained by a breach thereof, when,

22  from the nature of the case, it would be impracticable or extremely difficult to fix

23  the actual damage." *Id.* In so doing, Defendant causes the reader to come to the

24  erroneous conclusion that a liquidated damages provision is valid so long as the

25  parties have agreed to it in the contract. However, this is not the law. Based on the

26  full text of Section 1671(d), the burden is on Defendant to show that it was

27  impracticable or extremely difficult to fix the actual damages. Therefore,

28  Defendant's argument that the liquidated damages in this case are valid because

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the parties agreed in writing that it would be impracticable or extremely difficult to fix actual damages relating to the late payment of rent is misguided. [Def.'s MTD, 8:4-9:10]. Defendant must now plead and prove facts showing impracticability of fixing actual damages. *Better Food Markets, Inc. v. American Dist. Tel. Co.*, 40 Cal. 2d 179, 185 (Cal. 1953). However, such an investigation into the factual allegations of Plaintiff's Complaint is improper at this stage of the pleadings and must be addressed in a motion for summary judgment at a later date. Therefore, Defendant's Motion fails as a matter of law and the Court should deny it.

C. **THE COLORADO RIVER DOCTRINE IS INAPPLICABLE TO THIS ACTION BECAUSE A PROPERTY RIGHT IS NOT AT ISSUE.**

Defendant's Motion requests the Court dismiss Plaintiff's claims based on the *Colorado River* Doctrine because there exists a similar action in state court. [Def.'s MTD, 16:2-17:18]. This doctrine permits courts to stay or dismiss federal suit in the presence of a concurrent state proceeding "for reasons of wise judicial administration." *Colorado River Water Conservations Dist. v. United States*, 424 U.S. 800, 817 (1976); *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-978 (9th Cir. 2011). The United States Supreme Court has carefully limited *Colorado River*, emphasizing that courts may refrain from deciding an action for damages only in "exceptional" cases, and only "the clearest of justifications" support dismissal. *Id.* As discussed below, Defendant has failed to provide sufficient evidence in its Motion to support the argument that this action falls within the type of "exceptional" cases applicable to the *Colorado River* Doctrine.

To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the Ninth Circuit has provided eight factors for courts to consider: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6)

whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and, (8) whether the state court proceedings will resolve all issues before the federal court. *R.R. St.*, 656 F.3d at 978-979; *see also Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). "Any doubt as to whether a factor exists should be resolved against a stay [or dismissal]". *Id.* at 979 (quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

As noted in Defendant's Motion, the first two factors are irrelevant to this case because the dispute does not involve a piece of property and both the federal and state forums are located in San Diego. [Def.'s MTD, 17:13-15; *R.R St.*, 656 F.3d at 979]. However, it is apparent after considering the remaining six factors collectively that this action does not present the exceptional circumstances warranting a *Colorado River* stay or dismissal. Therefore, the Court should deny Defendant's Motion on this issue.

### 1. *Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, (Phillippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). The mere possibility of piecemeal litigation does not constitute an exceptional circumstance. *See Travelers*, 914 F.2d at 1369. Instead, the case must raise a "special concern about piecemeal litigation" which can be remedied by staying or dismissing the federal proceeding. *Id.*; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20-21 (1983).

Defendant's Motion represents that this factor – the avoidance of piecemeal litigation – "was 'by far the most important' in the Court's decision to approve the dismissal in *Colorado River*." [Def.'s MTD, 17:20-22 (quoting *Moses H. Cone*, 460 U.S. at 16)]. This is a gross misrepresentation of that court's reasoning. Rather, the *Moses* Court approved the dismissal in that action because there was a

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

"clear federal policy…[of] avoidance of piecemeal adjudication *of water rights in a river system*." *Moses H. Cone*, 460 U.S. at 16 (quoting *Colorado River*, 424 U.S. at 819). Here, the issue is not related to any water rights but pertains to Defendant's illegal conduct of including a liquidated damages provision in a residential lease in the form of late fees when it was not impracticable or extremely difficult to fix the actual damages. Therefore, there is no reason that this Court should give more weight to this single factor more than any of the others.

Defendant's Motion alleges that there is a core allegation underlying the disputes in both this case and the state action filed in the San Diego Superior Courts entitled *Fraidoon Ahmad v. The Lofts Apartments Acquisition, LLC, Riverstone Residential Ca, Inc. dba Riverstone Residential Group, and Greystar Real Estate Partners, LLC*, Case No. 37-2015-00000885-CU-BT-CTL ("*Ahmad* Action"). [Def.'s MTD, 17:24-25]. According to Defendant, that core allegation involves a question of whether the charges for late rent payments were unlawful. *Id.* This is partly true because both this action and the *Ahmad* Action allege UCL claims in their complaints. However, Defendant fails to address the fact that this case brings a claim that was not brought in the *Ahmad* Action, which is the violation of the RFDCPA through Defendant's practice of collecting an amount that is not authorized by law. [Complaint, ¶¶ 31-35]. Since this action involves a claim that is wholly separate from that brought under the *Ahmad* Action, any arguments related to piecemeal litigation are moot. Therefore, this factor weighs in favor of maintaining this action in this Court.

### 2. *Order of Jurisdiction*

Plaintiff concedes that the *Ahmad* Action was filed many months before this action was filed. However, as discussed above, Plaintiff brings an RFDCPA claim that is absent from the *Ahmad* Action. Accordingly, even if the *Ahmad* Action adjudicates the UCL claim, Plaintiff's RFDCPA claim here would remain. Therefore, this Court should deny Defendant's request for a stay or dismissal under

the *Colorado River* Doctrine because this action involves a claim that cannot be properly resolved by the *Ahmad* Action.

### 3. *Source of Law*

"[The] presence of state-law issues may weigh in favor of surrender only 'in some rare circumstances.'" *Travelers*, 914 F.2d at 1370 (quoting *Moses H. Cone*, 460 U.S. at 26). It is undeniable that the two claims brought by Plaintiff here are California state laws, both of which can be properly decided by this Court. Additionally, Defendant's Motion fails to present any facts to support an argument that a rare circumstance exists here that would warrant the stay or dismissal of this action. Therefore, this factor weighs against a stay or dismissal.

### 4. *Adequacy of State Court*

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R.R. Street*, 656 F.3d at 981 (citing *Moses H. Cone*, 460 U.S. at 26). The Ninth Circuit "has not applied this factor against the exercise of federal jurisdiction, only in favor of it." *Travelers*, 914 F.2d at 1370. The Second Circuit, however, has stated that "the possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action. This factor…is more important when it weighs in favor of federal jurisdiction." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.* 800 F.2d 325, 328 (2d Cir. 1986). Thus, as the Ninth Circuit has recognized, this factor is of little or no weight here. *Travelers*, 914 F.2d at 1370.

### 5. *Forum Shopping*

Forum shopping is "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. Street*, 656 F.3d at 981 (quoting Black's Law Dictionary 726 (9th ed. 2009)). A review of the relevant

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

authority shows that forum shopping typically involves the same plaintiff bringing the same action in both federal and state court. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (plaintiff brought claims in federal court after three and a half years of litigating in state court); *Am. Int'l Underwriters*, 843 F.2d at 1255-56 (after filing in state court, plaintiff brought suit in federal court to avoid the state court's unfavorable evidentiary rules). This is not the issue in this action. Plaintiff brought this action in this Court first and foremost and is requesting that the case remain in this Court in opposition to Defendant's request for it to be stayed or dismissed in favor of the *Ahmad* Action. Therefore, it is at best unclear whether this factor weighs in favor of or against a *Colorado River* stay or dismissal.

### 6. *Resolution of All Issues*

This final factor concerns the similarity of the suits at issue. In order to weigh in favor of a stay or dismissal, the two suits must be "substantially similar," although the similarity may fall short of "exact parallelism." *R.R. Street*, 656 F.3d at 982 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989). "'The existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes' a *Colorado River* stay [or dismissal]." *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). As discussed previously, Plaintiff's Complaint brings a cause of action that the *Ahmad* Action cannot resolve. Even if the *Ahmad* Action rules on the issue of whether Defendant violated the UCL by including a liquidate damages provision in a residential lease when it was not impracticable or extremely difficult to fix those damages as prohibited by California Civil Code Section 1671(d), it would not resolve Plaintiff's RFDCPA claim which relates to Defendant's collection of such illegal fees. Therefore, this factor weighs heavily against a stay or dismissal.

It is clear based on the foregoing analysis of the *Colorado River* Doctrine

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

that this Court should deny Defendant's Motion for a stay or dismissal of this action. Of the six factors that are applicable to this case, four weigh against a stay or dismissal and two are unhelpful. Therefore, this Court should deny Defendant's Motion regarding this issue.

**D.** **THIS COURT SHOULD PERMIT PLAINTIFF TO AMEND THE COMPLAINT UPON DISCOVERY OF SUPPORTING INFORMATION.**

Defendant contends in its Motion that Plaintiff's failure to name The Lofts, the alleged owner of the property and party to the contract at issue, as a defendant requires the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(7). [Def.'s MTD, 12:7-8]. However, Defendant comes to this conclusion by contradicting Plaintiff's factual allegations as well as the Exhibits relied upon by Defendant in support of Defendant's Motion. As an initial matter, Plaintiff named Defendant as the sole Defendant in this action since the collection attempts were sent from Greystar e-mail addresses or on Greystar letterhead.

Moreover, it is unclear which entity signed the contract Defendant relies upon to further this argument. In two separate locations, the contracts attached to Defendant's Motion seem to state that the contracts were signed by entities that manage the Lofts' Property.

AGENT FOR OWNER
The Undersigned is authorized to manage the premises on behalf of the owner.

AGENT FOR OWNER
The Undersigned is authorized to manage the premises and to accept service of notices, demands and service of process on behalf of the property owner on behalf of the owner.

At this juncture, Plaintiff believes that Defendant, the Lofts' Manager, is the signatory but such information is not in Plaintiff's possession and/or control. While Plaintiff is amenable to including additional defendants, Plaintiff is unable to name additional entities without discovery regarding the actions taken by the respective entities. If necessary, Plaintiff will amend Plaintiff's Complaint to include additional entities after obtaining supporting information through discovery.

"[M]otions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.,* 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (citing *Thorpe v. Abbott Lab., Inc.,* 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). "Because striking [class allegations] is severe and disfavored, many courts have declined to so rule solely on the basis of the allegations in a complaint, preferring to address the propriety of the class action at a later stage in the litigation." *Khorrami v. Lexmark Intern. Inc.,* 2007 WL 8031909, *2 (C.D. Cal. 2007).

Defendant argues that this Court should strike Plaintiff's class allegations if the Lofts is added as a party since that would destroy diversity between the parties. [Def.'s MTD, 15:22-24]. This would be true if the sole jurisdictional basis for Plaintiff's Complaint was the diversity of citizenship under 28 U.S.C. section 1332. However, the jurisdictional basis for Plaintiff's Complaint is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). [Complaint, ¶¶ 8-9]. Pursuant to the Ninth Circuit, "under CAFA, complete diversity is not required; 'minimal diversity suffices.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. Cal. 2007) citing to *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); and, *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Minimal diversity is established if "any member of a class of plaintiffs is a citizen of a different state from any defendant. *Bradford v. Bank of Am. Corp.*, 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. 2015) citing to *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014); and, *Serrano*, 478 F.3d at 1021.

Here, minimal diversity is established since Plaintiff, a citizen of California, sued Defendant, a citizen of Delaware. [Complaint, ¶ 9]. Whether the Lofts, or any other entity, is added to this Action regardless of which State these entities are

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

citizens of is not a reason to strike the class allegations. Thus, Defendant's Motion should be denied.

## V.    CONCLUSION

Based upon the foregoing discussion, Plaintiff respectfully requests this Court deny Defendant's Motion since Plaintiff has sufficiently alleged that Defendant violated the RFDCPA and UCL.  Should this Court grant Defendant's Motion in whole or in part, Plaintiff requests leave of Court to cure Plaintiff's Complaint of any deficiencies.


Dated: January 5, 2016                                    Respectfully submitted,

                                                  KAZEROUNI LAW GROUP, APC

                                    By:  ___/s/ Matthew M. Loker____
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626