UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN KOHLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.  15-cv-02195 JAH(KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. #10]** |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss Plaintiff Jordan Kohler's ("Plaintiff") complaint filed by Defendant Greystar Real Estate Partners, LLC ("Defendant"). The motion has been fully briefed by the parties. After a careful review of the Defendant's motion, this Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff filed the instant complaint on October 1, 2015. (See Doc. #1). Plaintiff alleges that on or about April 15, 2015, Plaintiff incurred a purported residential rent debt

to Defendant. (Compl. ¶ 26). On or about April 7, 2015, Plaintiff received an email from Defendant informing Plaintiff that the rent was due. (Id. at ¶ 29). Plaintiff alleges that the rent included a $75 late fee. (Id. at ¶ 30). Plaintiff claims this late fee is a liquidated damage in violation of California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.* ("UCL") as well as the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"). (See Compl.)

Plaintiff asserts a class action complaint seeking damages and injunctive relief. (Id.) Plaintiff is a resident and citizen of the State of California. (Compl. ¶13). Defendant is a corporation incorporated in the State of Delaware, with its principal place of business in South Carolina. (Id. at ¶14)

Defendant filed the instant motion to dismiss Plaintiff's complaint. (See Doc. # 10). Plaintiff filed an opposition to the motion. (See Doc. # 11). Defendant filed a reply. (See Doc. # 12). The Court took the matter under submission pursuant to Local Rule 7.1.

## DISCUSSION

Defendant moves to dismiss the instant complaint on the grounds that the complaint fails to state a claim and fails to join a necessary or indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (See Doc. #10 at 11). In addition, Defendant asserts that the claim should be dismissed and/or stayed pursuant to the Colorado River Doctrine. (Id).

**1.   Legal Standards**

    **a.   Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis

1   of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it
2   presents a cognizable legal theory yet fails to plead essential facts under that theory.
3   Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations,"
4   he must plead sufficient facts that, if true, "raise a right to relief above the speculative
5   level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

6       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
7   accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
8   129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially
9   plausible when the factual allegations permit "the court to draw the reasonable inference
10  that the defendant is liable for the misconduct alleged." Id. In other words, "the
11  nonconclusory 'factual content,' and reasonable inferences from that content, must be
12  plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service,
13  572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible
14  claim for relief will ... be a context-specific task that requires the reviewing court to draw
15  on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

16      In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the
17  truth of all factual allegations and must construe all inferences from them in the light most
18  favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.
19  2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However,
20  legal conclusions need not be taken as true merely because they are cast in the form of
21  factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western
22  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion
23  to dismiss, the Court may consider the facts alleged in the complaint, documents attached
24  to the complaint, documents relied upon but not attached to the complaint when
25  authenticity is not contested, and matters of which the Court takes judicial notice. Lee
26  v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that

a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts

### b. Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19. "Rule 19 requires the joinder of a party whose joinder will not deprive the court of jurisdiction if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Trans Ocean Container Corp. v. Intercargo Ins. Co., No. C 95-2187 FMS, 1995 WL 870958, at *1 (N.D. Cal. Dec. 20, 1995). While no precise formula exists for determining whether a party is necessary to an action, the determination will be heavily influenced by the facts and circumstances of each case. The burden of proof is on the moving party to show one of the circumstances in Rule 19 exists. Id.

### 2. Analysis

Plaintiff's complaint asserts two causes of action for violations of: (1) California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.* (the "UCL"), and (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "Rosenthal Act"). Defendant moves to dismiss Plaintiff's causes of action for failure to state a claim and failure to join necessary parties.

First, the Court will analyze the UCL and the Rosenthal Act claims. Next, the Court will address the issue of joinder. As the Court finds dismissal proper, it declines to rule on the Colorado Water Doctrine at this time.

//
//

### a. UCL

Defendant contends that damages are extremely difficult to fix relating to the late payment of rent. (Doc. #10 at 16). As a result, Defendant's argue that the amount of the liquidated damages represents a reasonable endeavor by the parties to estimate lost compensations. (Id.) Defendant's allege that the late charge of $75 represents 4.8% of Plaintiff's monthly $1,575 rent. (Id. at 18). This amount, Defendants, argue, is reasonable in light of the potential actual losses Defendant might incur resulting from the late rental payment. (Id. at 17).

In opposition, Plaintiff alleges that Defendant regularly charges liquidated damages in the form of late fees to its tenants. (See Doc. #11 at 13). Plaintiff argues that such fees are neither impracticable nor extremely difficult to fix actual damages. (Id.)

This Court finds that Plaintiff has not sufficiently pled its claim under the UCL. The relevant Cal. Civ. Code § 1671(d) provision provides that:

> "…a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

Specifically, Plaintiff does not set forth sufficient facts to convince the Court that the signed and dated lease containing the late fee, agreed to by Plaintiff, demonstrates lack or agreement. In addition, Plaintiff fails to allege how or why fees are neither practicable nor extremely difficult to fix. Rather, Plaintiff's complaint is alleged in general, conclusory terms. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the UCL claim with leave to amend.

//
//

### b. Rosenthal Act

Defendant contends that the Rosenthal Act does not apply to residential leases. Defendant argues that the Act only applies to the collection of debt relating to credit transactions. (See Doc. # 12 at 7).

In opposition, Plaintiff alleges that the Act encompasses debt collectors attempting to collect on any type of consumer debt. (Doc. #11 at 9). Plaintiff stipulates that courts have held non-credit consumer obligations are consumer debts pursuant to the Act. (Id. at 10).

This Court agrees with Defendant and finds that Plaintiff's claim fails to establish that Defendant was engaged in the collection of consumer debt. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). Under the FDCPA, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Serv., 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)). Plaintiffs fail to allege that either the "principal purpose" of Defendant's business is to collect debts, or that Defendant is a person who "regularly" collect debts on behalf of others. See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) ("To be liable for violation of the FDCPA, a Defendant must—as a threshold requirement—fall within the Act's definition of a 'debt collector.'") (citations omitted). "The Court is not aware of any cases holding that rent collection equates to "debt collection" or that rent involves a "consumer credit transaction"

under the Rosenthal Act. Plaintiffs have not established that Creekside Meadows, as a landlord, extends credit to tenants." <u>Leasure v. Willmark Communities, Inc.</u>, No. 11-CV-00443 BEN DHB, 2013 WL 6097944, at *4 (S.D. Cal. Mar. 14, 2013)

Accordingly, this Court **GRANTS** Defendant's motion to dismiss as the Rosenthal Act claim with leave to amend.

### c. Joinder

The Court finds that Plaintiff has failed to name the necessary parties in their complaint. (<u>See</u> Compl.) Plaintiff names Defendant but conflates Greystar, the property management company, with the property owners themselves. (<u>See</u> Doc. #10 at 22). Greystar does not retain the late fees for itself, and rather is employed by the owners of the property. (<u>See</u> Doc. #10 at 20-21). This Court finds that Plaintiff's complaint fails to join the necessary parties as any decision by this Court will impact the property owner. Accordingly, Defendant's motion to dismiss for failure to join is granted with leave to amend.

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. # 10] is **GRANTED** and the instant complaint is DISMISSED without prejudice and with leave to amend. Plaintiff may file an amended complaint that cures the deficiencies outlined herein within thirty (30) days of the date this Order is filed.

DATED: March 31, 2017

_____
JOHN A. HOUSTON
United States District Judge