UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jordan Kohler, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Greystar Real Estate Partners, LLC; The Loft Apartments Acquisition, LLC,<br><br>Defendants. | Case No.: 15cv2195-JAH (KSC)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [Doc Nos. 23, 27) |

## **INTRODUCTION**

Pending before this Court are motions to dismiss Plaintiff Jordan Kohler's ("Plaintiff") first amended complaint ("FAC") filed by Defendants Greystar Real Estate Partners, LLC ("Greystar") and The Loft Apartments Acquisition, LLC ("Loft") (collectively "Defendants"). Doc. Nos. 23, 27. The motions are fully briefed by the parties. After careful review of the pleadings, this Court **GRANTS** Defendants' motions to dismiss.

//

1

## BACKGROUND

On November 6, 2015, Greystar filed a motion to dismiss Plaintiff's complaint ("Complaint") for failure to state a claim on November 6, 2015. Doc. No. 10. On March 31, 2017, the Court issued an order **GRANTING** Greystar's motion to dismiss Plaintiff's Complaint.[1] Doc. No. 19. Plaintiff filed the FAC on May 1, 2017. Doc. No. 20. On May 15, 2017, Greystar filed a motion to dismiss Plaintiff's FAC for failure to state a claim. Doc. No. 23. On June 13, 2017, Loft filed a motion to dismiss Plaintiff's FAC for failure to state a claim. Doc. No. 27. Plaintiff filed oppositions to both motions on July 10, 2017. Doc. Nos. 28, 29.

## DISCUSSION

Defendant Greystar moves to dismiss the instant complaint on the grounds that the FAC fails to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant Loft moves to dismiss the instant complaint on the grounds that the FAC fails to state a claim and fails to join a necessary or indispensable party pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). See Doc. Nos. 23, 27.

I. **Legal Standard**

   a. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must

---

[1] The Court addressed the case's prior procedural history in its order granting Defendant's motion to dismiss Plaintiff's Complaint. Doc. No. 19.

2

plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts

//

//

//

3

**b.    Rule 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19. "Rule 19 requires the joinder of a party whose joinder will not deprive the court of jurisdiction if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Trans Ocean Container Corp. v. Intercargo Ins. Co., No. C 95-2187 FMS, 1995 WL 870958, at *1 (N.D. Cal. Dec. 20, 1995). While no precise formula exists for determining whether a party is necessary to an action, the determination will be heavily influenced by the facts and circumstances of each case. The burden of proof is on the moving party to show one of the circumstances in Rule 19 exists. Id.

**II.    Analysis**

Plaintiff's FAC asserts two causes of action for violations of: (1) California's Unfair Competition Law, Business & Professions Code § 17200 *et seq.* (the "UCL"), and (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "Rosenthal Act"). The Court will analyze the UCL and the Rosenthal Act claims and address the issue of joinder.

**a. UCL**

**i. Greystar**

Defendant Greystar argues that Plaintiff agreed in writing that a late rent payment would be difficult to fix. Doc. No. 23-1 at pg. 18. Defendant contends that the $75 late fee, 4.8% of the monthly rent, is a reasonable sum for liquidated damages. Id. at pg. 19. Defendant posits that the late fee is neither unfair nor fraudulent. Id. at pgs. 19-21.

In opposition, Plaintiff argues that the late fee is punitive and not a fair estimate of damages. Doc. No. 28 at pg. 5. Plaintiff contends the parties did not participate in a

reasonable endeavor to estimate damages. Id. Plaintiff posits the late fee is merely a method through which Greystar generates revenue. Id. at pg. 6.

The Court finds that Plaintiff has not sufficiently pled its claim under the UCL. The relevant Cal. Civ. Code § 1671(d) provision provides that:

> "…a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damages."

The Court finds Plaintiff has not presented sufficient facts to demonstrate that the signed and dated lease containing the late fee, agreed to by Plaintiff, demonstrates lack of an agreement. Plaintiff fails to explain how or why the late fee is impracticable or extremely difficult to fix. Plaintiff's allegations are general and conclusory. Accordingly, the Court **GRANTS** Greystar's motion to dismiss the UCL claim.

### ii. Loft

Defendant Loft argues that Plaintiff fails to show how the late fee is impracticable or easy to fix. Doc No. 27-1 at pg. 12. Defendant contends that Plaintiff fails to demonstrate how the late fee is unfair or fraudulent under the UCL. Id. at pgs. 12-14.

In opposition, Plaintiff argues that Loft ignores the allegations Plaintiff makes in the FAC. Doc No. 29 at pg. 5. Plaintiff contends that the late fee provision is punitive, impracticable, and difficult to quantify. Id. Plaintiff posits that daily damage is easy to calculate, and the late fee provision is merely a mechanism through which Defendant generates revenue. Id.

The Court finds that Plaintiff has not sufficiently pled its claim under the UCL.[2] Accordingly, the Court **GRANTS** Loft's motion to dismiss the UCL claim.

---

[2] The Court agrees with Defendant Loft for the same reasons it agrees with Defendant Greystar. See above for the Court's reasoning.

5

**b. Rosenthal Act**

  **i. Greystar**

Defendant Greystar argues that the Rosenthal Act does not apply to late fees in residential leases. Doc. No. 23-1 at pgs. 13-16. Defendant contends that the Act only applies to debt collection in credit transactions. Id. at pgs. 14-15.

In opposition, Plaintiff argues that the Rosenthal Act applies for all types of consumer debt collection. Doc. No. 28 at pgs. 4-5. Plaintiff contends that courts have held non-credit consumer obligations are considered consumer debt within the Act. Id.

The Court agrees with Greystar and finds that Plaintiff's claim fails to establish that Defendant was engaged in consumer debt collection. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). Under the FDCPA, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Serv., 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)).

Plaintiffs fail to allege that either the "principal purpose" of Defendant's business is to collect debts, or that Defendant is a person who "regularly" collect debts on behalf of others. See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) ("To be liable for violation of the FDCPA, a Defendant must—as a threshold requirement—fall within the Act's definition of a 'debt collector.'") (citations omitted). "The Court is not aware of any cases holding that rent collection equates to "debt collection" or that rent involves a "consumer credit transaction" under the Rosenthal Act.

Plaintiffs have not established that Creekside Meadows, as a landlord, extends credit to tenants." Leasure v. Willmark Communities, Inc., No. 11-CV-00443 BEN DHB, 2013 WL 6097944, at *4 (S.D. Cal. Mar. 14, 2013)

Accordingly, this Court **GRANTS** Defendant's motion to dismiss the Rosenthal Act claim.

### ii. Loft

Defendant Loft also argues that Plaintiff's FAC fails to establish Loft, a landlord collecting rent, is a debt collector receiving consumer credit transaction. Doc. No. 27-1 at pg. 5. Defendant contends that "rent" is not analogous to "consumer credit transaction" pursuant to the Act. Id. at pg. 14.

Plaintiff argues that the terms "debt" and "debt collector" should be construed more broadly. Doc. No. 29 at pg. 6. Plaintiff contends late fees should be considered "debt" pursuant to the Act.

This Court **GRANTS** Defendant's motion to dismiss the Rosenthal Act claim. The Court agrees with Loft for the same reasons it agrees with Greystar.

### c. Joining Necessary Parties

Plaintiff's FAC does not specify the exact number of members in the purported class, but makes the assumption that there are tens of thousands, if not hundreds of thousands of members. Doc. No. 20 at pg. 11. Plaintiff's class allegations seek to represent all people in California who were charged by Defendants. Id. Thus, the Court finds that Plaintiff has failed to name the necessary parties in its FAC. See Doc. No. 20. While Plaintiff names one property owner, Loft Apartments, Plaintiff fails to join all possible parties. Id. Loft Apartments is not the only property owner that would be impacted by a decision from this Court. Doc. 27-1 at pgs. 9-10. In order to satisfy joinder requirements, Plaintiff must name all necessary parties in its FAC. Accordingly, Defendant's motion to dismiss for failure to join is **GRANTED**.

//

//

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (Doc. Nos. 23, 27) are **GRANTED** and the instant complaint is **DISMISSED**. Plaintiff's Rosenthal Act claims are **DISMISSED** with prejudice. As a matter of law, Defendants are not debt collectors under the statute, and the complaint cannot possibly be cured by the allegation of other facts. As to the UCL claim, the complaint is **DISMISSED** with prejudice.

DATED: November 21, 2017

_____
JOHN A. HOUSTON
United States District Judge